**SIGNED this 10th day of November, 2011**

_____
John C. Cook
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Delwin Lee Huggins** | ) | No. 09-14658 |
| | ) | **Chapter 7** |
| **Debtor** | ) | |

# M E M O R A N D U M

    This case is before the court on the Motion to Compromise and Settle Claim of R. Ellsworth McKee that was filed on August 26, 2011, by Mr. McKee and Douglas R. Johnson, as trustee of the debtor's chapter 7 bankruptcy estate. The settlement would provide for the allowance of Mr. McKee's claim in full ($24,117,938) and the subordination of a portion ($16,117,938) of the claim to other unsecured claims asserted by timely-filed proofs of claim. On September 16, 2011, the law firm of Grant, Konvalinka & Harrison, P.C., and John P. Konvalinka or his assignee filed objections to the proposed settlement. Mr. McKee has filed a brief arguing that the objectors are not parties in interest with standing to object to the proposed compromise. The law firm and Mr. Konvalinka have each filed a brief arguing that they are

parties in interest and that they do have standing to oppose the motion to compromise. Alternatively, they argue that the court should allow them to intervene pursuant to Rule 2018(a) of the Federal Rules of Bankruptcy Procedure, which empowers a court to grant permissive intervention to any interested entity with respect to any matter in a bankruptcy case.

This memorandum will only address whether Grant, Konvalinka & Harrison and John Konvalinka may appear and contest the merits of the motion to compromise. The material facts that are pertinent to a resolution of this matter are not in dispute and are set forth below.

**I.**

Grant, Konvalinka & Harrison is not a creditor in the debtor's bankruptcy case. Rather, it is the holder of a security interest in the membership interest in Hampton Creek Golf Club, LLC, which is a creditor in the debtor's case. The law firm claims that it is a party in interest with standing to object to the compromise because approval of the proposed settlement would dilute the distribution to unsecured creditors, including Hampton Creek Golf Club, and thus would derivatively affect the law firm's security interest in the equity interest in that creditor.

John Konvalinka is not a creditor in the debtor's bankruptcy case either. Rather, he seeks to oppose the compromise in his capacity as the purchaser of an asset of the debtor's bankruptcy estate, namely the estate's interest in a cause of action against R. Ellsworth McKee pending in the Chancery Court of Hamilton County, Tennessee, in the case styled *Huggins v. McKee and Alternative Fuels, LLC*, Case No. 7-1061. At the time of that purchase, which was approved by this court, Mr. McKee had not asserted a right to offset the claim the debtor owed him against the claim purchased by Mr. Konvalinka. Subsequently, however, Mr. McKee moved to amend his answer in the state court litigation to assert such a right. The state court allowed the amend-

ment over Mr. Konvalinka's objection. Therefore, Mr. Konvalinka claims a pecuniary interest in the outcome of the motion to compromise presently before the court, alleging that, to the extent that the proposed settlement allows the McKee claim, the interest Mr. Konvalinka purchased from the estate will lose value because Mr. McKee may offset the amount of his claim against any recovery Mr. Konvalinka obtains in the Chancery Court.

## II.

The fundamental issue to be decided in this matter is whether Grant, Konvalinka & Harrison and John Konvalinka are parties in interest with standing to object to the proposed compromise of R. Ellsworth McKee's claim in this bankruptcy case. In this regard, the Bankruptcy Code provides that "[a] claim or interest . . . is deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). The law firm and Mr. Konvalinka argue that they are parties in interest within the meaning of § 502(a) with standing to object to the McKee claim, and so they also have standing to object to a compromise and settlement of a dispute over the allowability of the claim.

The law firm is not a "party in interest" in this case. Though found throughout the Bankruptcy Code, the Code does not define the term "party in interest." Courts have interpreted the term to include "all persons whose pecuniary interest are directly affected by the bankruptcy proceedings." *Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F 3d 353, 356 (10th Cir. 1995); *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993). The Sixth Circuit Bankruptcy Appellate Panel has explained that "party in interest" is –

> an expandable concept depending on the particular factual context in which it is applied. In various contexts, a "party in interest" has been held to be one who has an actual pecuniary interest in the case, anyone who has a practical stake in the

outcome of a case, and those who will be impacted in any significant way in the case.

*Morton v. Morton (In re Morton)*, 298 B.R. 301, 306 (B.A.P. 6th Cir. 2003) (quoting *In re Cowan*, 235 B.R. 912, 915 (Bankr. W.D. Mo. 1999)).

"The term 'party in interest' is broadly interpreted, but not infinitely expansive." *S. Blvd, Inc. v. Martin Paint Stores (In re Martin Paint Stores)*, 207 B.R. 57, 61 (S.D.N.Y 1997). One court interpreting the term in a chapter 7 case tried to discern its limits by looking to 11 U.S.C. § 1109(b), which contains a non-exclusive list of parties in interest, and by considering the nexus between the parties listed. *In re Goldman*, 82 B.R. 894, 896 (Bankr. S.D. Ohio 1988). The court concluded that each such party "ha[s] some type of direct relationship with the debtor, his property or the process of administering his bankruptcy estate." *Id.* Accordingly, the *Goldman* court dismissed the motion of a creditor of a creditor of the debtor's whose relationship to the debtor was derivative rather than direct and who held no claim against the estate's assets. *Id.* To bolster its conclusion, the court drew upon the basic purposes of bankruptcy law in the chapter 7 context, which include "resolv[ing] disputes between creditors and debtors and . . . facilitat[ing] the orderly and efficient liquidation of a debtor's assets," and reasoned that these basic purposes would be disserved by considering creditors of creditors of a debtor to be parties in interest. *Id.*

Likewise, creditors of a creditor of a debtor have been held not to be parties in interest under § 1109(b) for the purpose of challenging the assumption and assignment of leases or for the purpose of lifting the automatic stay. *Martin Paint Stores*, 207 B.R. at 61-62 (citing *Roslyn Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571, 573 (2d Cir. 1983)). Investors in a creditor of a debtor have also not been considered parties in interest within the

meaning of the Bankruptcy Code. *Krys. v. Official Comm. Of Unsecured Creditors of Refco Inc. (In re Refco Inc.)*, 505 F.3d 109, 110 (2d Cir. 2007).

Here, the law firm of Grant, Konvalinka & Harrison is not a creditor of the debtor's: it merely asserts a security interest in the ownership interest in one of the debtor's creditors. As such, it cannot be said to be directly affected by the approval or disapproval of the proposed settlement. Rather, at best, there is only the potential that it may be derivatively affected. As the *Martin Paint Stores* court reasoned:

> Such a party may be deeply concerned about the bankruptcy proceeding, since the debtor's ability to pay its creditor may affect the creditor's ability to pay, in turn, its creditor. But the party's legal rights and interests can only be asserted against the debtor's creditor, not against the debtor, and hence it is not a "party in interest."

*Martin Paint Stores*, 207 B.R. at 61. Though the *Martin Paint Stores* court considered the meaning of "party in interest" in the context of 11 U.S.C. § 1109(b), its fundamental reasoning translates well to this case. The law firm argues that it is a "party in interest" under 11 U.S.C. § 502, such that it may maintain an objection to a claim in the debtor's bankruptcy case, here by opposing the trustee's proposed settlement of a dispute regarding the allowance of a claim. Yet the rights arising out of its security agreement are most properly asserted against its debtor, who is apparently the owner of Hampton Creek Golf Club, LLC. The law firm is akin to a creditor of a creditor as in *Goldman* and *Martin Paint Stores* and is akin to an investor in a creditor as in *Refco*. Grant, Konvalinka & Harrison, P.C., is not a party in interest in this case and thus the law firm will not be permitted to prosecute its objection to the motion for approval of the compromise and settlement.

-5-

Turning now to the question of whether John Konvalinka is a party in interest with standing to object to the compromise, the court notes, once again, that he is not a creditor of the debtor's. Instead, he asserts a pecuniary interest in the resolution of the trustee's motion based upon the possibility that, because the proposed settlement would allow R. Ellsworth McKee's claim, the value of the cause of action Mr. Konvalinka purchased from the estate may be negatively affected because Mr. McKee has asserted a right of setoff in the state court litigation.[1] Mr. Konvalinka also argues that the terms of the settlement are not in the best interests of the estate. However, he is not a creditor and he will receive no distribution from the estate. His concern is not the prompt, fair, and efficient distribution of the estate's assets, considering such things as the cost to the estate (both in terms of attorney's fees and expenses and delay) of prosecuting an objection to the McKee claim, the likelihood of success in prosecuting such an objection, and the extent of the benefit if the objection is successfully prosecuted.[2] Rather, his concern is that the McKee claim be contested and disallowed to the fullest extent possible irrespective of the cost or benefit to the estate. Thus, it is Mr. Konvalinka's interest relative to the state court litigation that drives his objection.

---

[1] Mr. Konvalinka had previously agreed to represent the trustee in prosecuting an objection to the McKee claim without requiring a fee. It is now apparent that he cannot represent the trustee in that regard because of a conflict of interest between him and the trustee. That conflict is evident here, where the trustee has made an independent determination that a settlement of the claim is in the best interests of the estate and Mr. Konvalinka's position is directly contrary to that of the trustee. At a previous hearing, Mr. Konvalinka and the trustee confirmed that the former does not now represent the latter in connection with the McKee claim.

[2] The court will consider those and other factors in passing on the compromise and settlement whether or not Mr. Konvalinka is permitted to pursue his objection. *See Johnson v. Jackson Family Television, Inc. (In re Media Cent., Inc.)*, 190 B.R. 316, 320-21 (E.D. Tenn. 1994).

The problem that the court sees in Mr. Konvalinka's argument, however, is the premise underlying the argument, namely that the approval of a compromise resulting in the allowance of the McKee claim in the bankruptcy case might establish the validity and amount of Mr. McKee's setoff right in the state court action, thereby adversely affecting the amount of any recovery Mr. Konvalinka might receive in that litigation. The argument assumes, first, that Mr. Konvalinka will obtain a judgment in the Chancery Court litigation at all. It also assumes that the Chancery Court will conclude that the approval of a compromise resulting in the allowance of the McKee claim in bankruptcy is determinative of the validity and amount of the setoff claim in the state court litigation. The latter assumption presents the question of whether the Chancery Court will preclude Mr. Konvalinka from contesting the validity and amount of the McKee setoff claim in state court by giving *res judicata* effect to the approval of the compromise. While the *res judicata* decision ultimately must be made by the state court, this court is not persuaded that the state court will give *res judicata* effect to any order of this court approving the compromise and settlement.

It is this court's opinion that *res judicata* would not preclude Mr. Konvalinka from contesting the McKee claim in the Chancery Court if this court approves the compromise that allows the claim in the bankruptcy case. The principle of *res judicata* ensures that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Privity is established by "identification of interests, even where representation of those interests is not authorized." *Bezanson v. Bayside Enters., Inc. (In re Medomak Canning)*, 922 F.2d 895, 901 (1st Cir. 1990). As the Tennessee Court of Appeals has noted, "[t]he determination of the amount of

[an] 'allowed claim' only affects the amount a creditor may recover against a debtor in a bankruptcy proceeding." *J & B Invs., LLC v. Surti*, 258 S.W.3d 127, 135 (Tenn. Ct. App. 2007), *permission to appeal denied* (Tenn. 2008). Thus, "the principle of *res judicata* does not apply" to those who "were not parties to the bankruptcy proceedings." *Id.* at 135 n.3. Here, the interests of the trustee – who is a party to the proposed settlement – and the interests of John Konvalinka – who is not a party to the proposed settlement and is not a creditor in this case – diverge. The trustee, on behalf of general unsecured creditors of the debtor, seeks to maximize the distribution of the debtor's assets. Mr. Konvalinka, having no interest in the distribution, seeks only to eradicate the McKee claim at all costs without concern for the limited resources of the bankruptcy estate. *See also Smith v. Cowden (In re Cowden)*, 337 B.R. 512, 533 (Bankr. W.D. Pa. 2006) (state court approval of settlement not given *res judicata* effect against trustee because he represented "the entirety of the Debtor's present creditor body" and so was not in privity with parties to state court litigation since "the overwhelming bulk of such creditor body was neither a party, nor in privity with a party" to state court litigation).

Because John Konvalinka is not a party to the bankruptcy case and because there is a direct conflict between his interests and those of the trustee and he thus lacks privity with the trustee, the state court will not likely apply *res judicata* to preclude Mr. Konvalinka from contesting Mr. McKee's claim of a right of setoff. In any event, "Section 502(a) of the Bankruptcy Code is designed to maximize the estate for the benefit of all general creditors; it is not designed to enable a lone creditor to act solely in his own self-interest." *In re Sinclair's Suncoast Seafood, Inc.*, 140 B.R. 588, 591 (Bankr. M.D. Fla. 1992). Allowing parties who have such a remote or indirect interest in the distribution of an estate "would permit them to usurp the trustee's author-

ity and to require the courts to so rule on objections where the allowance or disallowance of the claim is meaningless to the administration of the estate" *In re Woods*, 139 B.R. 876, 877-78 (Bankr. E.D. Tenn. 1992). Accordingly, the court holds that Mr. Konvalinka does not have a pecuniary interest such as to confer on him standing to oppose the compromise and settlement.

As for the objectors' reliance on Rule 2018(a) of the Federal Rules of Bankruptcy Procedure, neither Grant, Konvalinka & Harrison nor John Konvalinka has filed a motion to intervene, so no request for intervention is before the court. Fed. R. Bankr. P. 9013 ("A request for an order . . . shall be by written motion."). In any event, the court would exercise its discretion to deny such a motion for the same reasons that it holds the law firm and Mr. Konvalinka to lack standing to oppose the compromise and settlement. *See*, *e.g.*, *In re Ezell*, 338 B.R. 330, 342-43 (Bankr. E.D. Tenn. 2006) ("'A party seeking intervention must show "cause," such as an economic interest in the case or a concern with the precedential ramifications of a ruling[;]' however, the decision to allow intervention is within the court's discretion, although intervention 'should not be permitted if the intervenor's rights are already adequately represented or intervention would result in delay or prejudice.'") (citations omitted).

### III.

Because neither Grant, Konvalinka & Harrison nor John Konvalinka is a party in interest with standing to object to the trustee's proposed settlement, the court will overrule their objections to the Motion to Compromise and Settle Claim of R. Ellsworth McKee that was filed on August 26, 2011. The court will separately consider the motion to compromise at a continued hearing on November 17, 2011.

# # #